UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

SUMMIT LOCATIONS, *et al.*,           )
                                      )
        Plaintiffs,                   )        Case No. 5:25-cv-00229-GFVT
                                      )
V.                                    )
                                      )
                                      )        **MEMORANDUM OPINION**
CLAYTON NEAL, *et al.*,               )                **&**
                                      )           **ORDER**
        Defendants.                   )
                                      )

*** *** *** ***

This matter is before the Court upon the Defendants' Motions to Dismiss [R. 11; R. 14] and the Plaintiffs' Motion for Leave to Amend Complaint.  [R. 20.]  The Defendants each filed a motion to dismiss, claiming the Plaintiffs' Complaint is fatally deficient.  [R. 11; R. 14.] Subsequently, the Plaintiffs moved to amend the Complaint seeking to add a claim, update relevant facts that have occurred during the pendency of the action, and remove Plaintiff Huntington Outdoor, LLC as a party to this action, leaving only Plaintiff Summitt Locations, LLC as the sole Plaintiff in this action.  [R. 20-1.]  The Defendants contend that the proposed amendments are futile, and the Complaint should still be dismissed.  [R. 21; R. 22.]  For the reasons set forth below, the Plaintiffs' Motion for Leave to File an Amended Complaint **[R. 20.]** will be **GRANTED**.  Further, the pending Motions to Dismiss **[R. 11; R. 14.]** will be **DENIED as moot**, and the Defendants will have an opportunity to refile as to the Amended Complaint.

**I**

On February 24, 2024, Plaintiff Summit Locations, LLC, entered into a Lease Agreement for Property in Mount Sterling, Kentucky for the purpose of erecting a billboard thereon.  [R. 1 at

5.] Pursuant to Kentucky Transportation Cabinet requirements, Summit sought approval from the City of Camargo to construct the billboard. *Id.* In response, the City provided a letter to Summit which stated that its only applicable Ordinance required the sign to be located ten feet from the road. *Id.* Summit provided this letter to KTC which then issued a permit for Summit to place the sign on its leased property on May 13, 2024. *Id.* at 6. Summit then hired Huntington Outdoor, LLC, as an independent contractor to begin constructing the sign. *Id.*

After construction began, on March 28, 2025, City of Camargo Mayor, Clayton Neal, came to the property and demanded that construction of the sign cease, pursuant to an ordinance enacted after Summit received its KTC permit which relates to the size of outdoor signs. *Id.* Neal then called the Montgomery County Sherriff who came to the property and issued a criminal citation to the employee working on the sign. *Id.* at 6-7. Subsequently, Montgomery County Judge Executive Chris Haddix allegedly appeared at a City of Camargo Council Meeting and indicated that the sign also violated Montgomery County Ordinance 17-11, which further regulates outdoor signs. *Id.* at 12. Plaintiffs assert that both the City of Camargo and Montgomery County have stated that they will not issue the permits which would allow Plaintiffs to continue constructing the sign. *Id.*

Plaintiffs Summit Locations and Huntington Outdoor brought this action on July 3, 2025, against Clayton Neal and the City of Camargo, Kentucky ("City Defendants"), as well as Chris Haddix and Montgomery County, Kentucky ("County Defendants"). [R. 1.] Essentially, Plaintiffs request injunctive and declaratory relief, preventing both the City and County Defendants from enforcing their respective ordinances as to the Plaintiffs' sign. *Id.* at 15. Plaintiffs also bring claims for violations of substantive and procedural due process, claims under

2

42 U.S.C. § 1983 for violations of the Plaintiffs' First, Fifth, and Fourteenth Amendment rights, as well as corresponding claims under the Kentucky Constitution. *Id.* at 16-17.

Both sets of Defendants, County and City, moved to dismiss the Complaint on several grounds. [R. 11; R. 14.] Among other arguments, both the County and City Defendants asserted that the Plaintiffs did not have standing to bring a claim against them because the Plaintiffs had not applied for a permit from Montgomery County. [R. 11-1 at 4-6; R. 14-1 at 5-8.] The County Defendants contend that this presents ripeness issues for the Plaintiffs. [R. 11-1 at 4-6.] Following this logic, the City Defendants posit that if the Plaintiffs' claims against the County Defendants are unripe, then the Plaintiffs also lack standing against the City Defendants because a favorable decision would still not redress the Plaintiffs' alleged injuries. [R. 14-1 at 5-8.] Additionally, the County Defendants assert that the Plaintiffs did not allege any facts which establish that Plaintiff Huntington had a cognizable interest in the sign. [R. 11-1 at 6.]

In an apparent attempt to "obviate this argument without extensive litigation," the Plaintiffs now move to amend the Complaint. [R. 20.] As to the factual developments that occurred in the interim between the filing of the original and amended Complaints: the criminal charges against the employee constructing the sign have been dropped, and Summit has applied for a permit from Montgomery County to continue constructing the sign. [R. 20-1 at 8; R. 20-1 at 15.] Additionally, the Amended Complaint omits Huntington Outdoor as a party altogether, leaving only Summit as the Plaintiff in this action. *See id.* at 3. Lastly, Summit proposes to bring an additional claim for an as-applied First Amendment violation and corresponding violations of the Kentucky Constitution. *Id.* at 20-23.

The Defendants oppose the Plaintiffs' request to file an Amended Complaint. [R. 21; R. 22.] The Defendants contend that amending the Complaint is futile because the proposed

3

Amended Complaint would still not withstand a motion to dismiss. *Id.* Thus, the Court must determine first whether to permit the Plaintiffs to amend the Complaint, and if so, whether the filing of the Amended Complaint moots the pending Motions to Dismiss.

**II**

Although the Defendants' Motions to Dismiss were filed prior to the Plaintiffs' Motion to Amend, "a court must first consider a pending motion to amend before dismissing a complaint." *Buridi v. Branch Banking & Trust Co.*, No. 3:12-cv-486-CRS, 2014 WL 903153, at *2 (W.D. Ky. Mar. 7, 2014) (citing *rice v. Karsch*, 154 F. App'x 454, 465 (6th Cir. 2005)); *see also Thompson v. Superior Fireplace Co.*, 931 F.2d 372, 374 (6th Cir. 1991) (finding error where motion to dismiss was granted when motion to amend was still pending). Therefore, the Court will analyze the Plaintiffs' Motion to Amend and then turn to the Defendants' Motion to Dismiss. *See In re Flint Water Cases*, 969 F.3d 298, 301 (6th Cir. 2020) (approving of district court's simultaneous rendering of a single opinion addressing parties' motions to dismiss and motion to amend).

**A**

Rule 15(a)(2) directs that when a party seeks to file an amended pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to allow a party to amend a pleading is within the sound discretion of the district court, but a denial of leave to amend without adequate explanation for the denial constitutes an abuse of that discretion. *Leary v. Daeschner*, 349 F.3d 888, 905–06 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Estes v. Kentucky Utils. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980) ("The determination of whether. . . justice would require the allowance of an amendment to an answer is left to the sound discretion of the district court").

4

In determining whether to allow a proposed amendment, courts should consider factors such as "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "The party opposing the amendment has the burden of demonstrating that it would be prejudicial or futile." *Pruitt v. Genie Indus., Inc.*, No. 3:10-cv-81-DCR, 2012 WL 669979, at *3 (E.D. Ky. Feb. 29, 2012). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994).

Here, the Defendants oppose the Plaintiffs' Motion for Leave to File an Amended Complaint solely on the grounds that the proposed amendment is futile. [*See* R. 21; R. 22.] Thus, the Defendants have conceded argument as to the remaining relevant factors. *See Restocon Corp. v. Metro. Knoxville Airport Auth.*, No. 3:23-cv-142, 2023 WL 6614416, at *2 (E.D. Tenn. Aug. 25, 2023). Further, there is no indication that the Plaintiffs have brought the amendment for any nefarious purpose, nor does it appear that the Defendants would be unduly prejudiced by the proposed amendment.

In considering whether a motion to amend should be denied as futile, a court may deny a motion to amend a complaint if the amended complaint would not survive a motion to dismiss. *See Halcomb v. Black Mtn. Resources, LLC*, 303 F.R.D. 496, 500 (W.D. Ky. 2014) (citing *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745–46 (6th Cir. 1992)); *see also Hussein v. Beecroft*, 782 F. App'x 437, 443 (6th Cir. 2019) ("A proposed amendment is futile where it

5

would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.") (quoting *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015)).

Recognizing the cyclical nature that the futility analysis and the 12(b)(6) motion to dismiss present, courts often postpone the futility analysis until after the amended complaint has been filed. In fact, "many courts, for reasons of practicality, decline to engage in futility analysis at the motion to amend phase, and opt instead to assess questions of plausibility later when ruling on the motion to dismiss." *Restocon,* 2023 WL 6614416, at * 2; *see also Bucciarelli v. Nationwide Mut. Ins. Co.*, 662 F. Supp. 2d 809, 814 (E.D. Mich. 2009) ("This Court does not read [Sixth Circuit case law] as requiring the court to determine futility before it grants a motion to amend the complaint, but rather as a permissible basis for denying a motion to amend.").

Here, the Proposed Amended Complaint seeks to address many of the alleged deficiencies that served as bases for the Defendants' motions to dismiss. In the County Defendants' motion to dismiss, the County Defendants argued that the claims brought by Plaintiff Huntington Outdoor must be dismissed because Huntington did not possess a property interest in the sign or otherwise suffer a judicially cognizable injury. [R. 11-1 at 6.] The Proposed Amended Complaint addresses this argument by omitting Plaintiff Huntington Outdoors altogether. [*See* R. 20-1.] The County Defendants also spent a large portion of their motion arguing that the Plaintiffs' claims were unripe because they had not applied for a permit from the County. [R. 11-1 at 3-6.] In the Proposed Amended Complaint, Plaintiff Summit alleges that it has now applied for a permit, in an attempt to overcome the ripeness issue presented by the County Defendants. [R. 20-1 at 15.]

The Defendants contend that these amendments are still insufficient to overcome a motion to dismiss. [R. 21; R. 22.] In their opposition to the Plaintiffs' motion to amend, the

Defendants attempt to "incorporate by reference" their respective motions to dismiss and assert further grounds for dismissal based on Plaintiff Summit's new allegations. *Id.* Although the Plaintiff's amendments may ultimately prove unavailing, the Court finds it most prudent to refrain from determining the merits of the amended complaint on a fractured record. *See Nichols v. Vill. of Minerva, Ohio*, No. 5:14-cv-613, 2015 WL 845714, at *3 (N.D. Ohio Feb. 25, 2015) (finding that, while it may be true some of plaintiff's claim are futile, "the most efficient way to address these and other issues relating to the sufficiency of plaintiff's allegation is to permit amendment and then allow defendant an opportunity to file a motion to dismiss the [] amended complaint if they desire to do so."). Given that the futility standard essentially requires the Court to engage in a 12(b)(6) analysis, the Court finds it most practical to assess the merits of the amended complaint after it has been filed and after the Defendants have filed any renewed motions to dismiss.

**B**

Generally, the filing of an amended complaint moots pending motions to dismiss. *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021). However, in the "rare case. . .where the amended complaint is 'substantially identical to the original complaint,'. . .a properly filed amended complaint [may] be insufficient to moot the motion to dismiss. *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423, at 2 (S.D. Ohio Oct. 9, 2014) (quoting *Greater Cincinnati Coal. For Homeless v. City of Cincinnati*, No. C-1-08-603, 2009 WL 3029661, at * 4 (S.D. Ohio Sept. 16, 2009)).

Thus, where portions of the original complaint and the amended complaint are substantially identical, a district court can apply the mooted motions to dismiss to the unchanged sections. *Crawford*, 15 F.4th at 759. But the decision to use portions of the mooted motions is

within the district court's discretion. *Id.* Here, Plaintiff Summit alleges an entirely new legal theory in the Amended Complaint, omits one of the two Plaintiffs, and updates several factual developments that occurred in the interim between the filing of the original and amended Complaints. [*See* R. 20-1.] Thus, this is far from the "rare case" where the amended complaint is substantially identical to the original. *C.f. Pleasant View Baptist Church v. Beshear*, No. 2:20-cv-166, 2021 WL 4496386, at \*3 (E.D. Ky. Sept. 30, 2021), *aff'd* 78 F.4th 286 (6th Cir. 2023) (finding that the amended complaint did not moot the motion to dismiss when the amended complaint was merely "a trimmed down version of the original complaint," and the Court could easily apply the existing motion to dismiss to the amended complaint).

Further, Courts often find pending motions to dismiss moot when the plaintiff attempts to address the deficiencies in the amended complaint. *See e.g. Stepp v. Alibaba.com*, No. 3:16-cv-389, 2016 WL, at \*2 (W.D. Ky. Oct. 4, 2016) ("[W]hen the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal."). As noted above, in the instant case, Plaintiff Summit has attempted to address the deficiencies in the original complaint noted by the Defendants in their motions to dismiss.

Here, the motions to dismiss claimed that the Complaint should be dismissed on grounds including jurisdiction and failure to state a claim. [*See* R. 11; R. 14.] Perhaps the amended complaint clarifies some of these matters. [*See* R. 20.] Or perhaps not. It is the Defendants' task to review the new allegations and decide, in the first instance, whether the amended complaint warrants any alterations to their motions to dismiss. To permit that review, the Court will deny the pending motions to dismiss without prejudice to refile as to the amended complaint.

8

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby ordered as follows:

1.  The Plaintiff's Motion for Leave to File an Amended Complaint **[R. 20]** is **GRANTED**;

2.  The Clerk of Court **SHALL FILE** Plaintiff's Proposed Amended Complaint [**R. 20-1**] as Plaintiff's Amended Complaint;

3.  Defendants Chris Haddix and Montgomery County, Kentucky's Motion to Dismiss **[R. 11]** is **DENIED as moot**, with leave to refile or otherwise respond to the Amended Complaint in accordance with Federal Rule of Civil Procedure 15(a); and

4.  Defendants Clayton Neal and City of Camargo, Kentucky's Motion to Dismiss **[R. 14]** is **DENIED as moot**, with leave to refile or otherwise respond to the Amended Complaint in accordance with Federal Rule of Civil Procedure 15(a).

This the 4th day of June, 2026.

Gregory F. Van Tatenhove
United States District Judge

9